STATE EX REL. ANTHONY COLLUCCI ET AL. v.
MILFORD TOWN PLANNING AND ZONING BOARD

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 75511

Memorandum filed August 13, 1951

William Gitlitz, of Milford, for the Plaintiffs.

Richard H. Lynch, of Milford, for the Defendant.

MOLLOY, J. Anthony and Lena Collucci, the relators in this action, are the owners of property in the town of Milford located in an area zoned for light industrial use by a plan of development and regulations covering the subdivision of land in said town. Under these regulations it is provided in § III-4, par. 47, entitled "Use Regulations Controlling Light Industrial District" that "no use permitted in a residence zone or a business zone shall be excluded from light industrial zone except that a dwelling accommodating more than two families is prohibited." The relators, it seems, caused an application to be made to the planning and zoning board of the town seeking approval of a map of a subdivision of the aforesaid land. After due consideration the board refused to approve the subdivision on the grounds set forth in this complaint, namely,

"First: That this subdivision does not conform to the Master Plan for planning and zoning in the Town of Milford in that the balance between residence and industry will be entirely destroyed by the construction of a subdivision in an industrial zone.

"*Second*: That the Subdivision Regulation Act effective November 12, 1937, Chapter 334 of the Connecticut Public Acts of 1937, Section 2, Regulations, provides that the Board among other things shall regulate the manner in which streets shall be graded and improved, provides for adequate and convenient open spaces for traffic, recreation, light and air and for the avoidance of an undue density of population. It was for the avoidance of an undue density of population that this Board felt would result where none exists at the present time, if this subdivision was permitted.

"*Third*: That the Town of Milford will be obliged to expend large sums of money for new Schools, Fire and Police Protection, maintenance of streets, etc., transportation of School Pupils with a subsequent increase of taxation, all of which in view of the present rate of taxation are against the general welfare of this town."

Thereafter the town adopted, with due procedure, an amendment to its zoning regulations as follows: "That no residential subdivision of any sort be permitted to be constructed in any business or industrial zone, now or hereafter established in the Town of Milford." The relator's application antedated the adoption of this regulation and would not be affected by its passage.

It is the contention of the relators that the defendant town planning and zoning board is without discretionary power to reject their application for the subdivision in question in view of the provision of par. 47, § III-4 "Use Regulations Controlling Light Industrial District" quoted above to the effect that a use permitted in a residence zone or a business use shall not be excluded from a light industrial zone except that a dwelling for more than two families is prohibited; and that the defendant by its action unlawfully deprives the relators of their right to use their property as permitted by law.

To this complaint and these contentions the defendant has filed a motion to quash, on the grounds that the action of the board is not the exercise of a ministerial duty involving no discretion but rather does involve the exercise of discretion and judgment on the part of the board; that the relators have an adequate remedy at law by way of statutory appeal from the doings of a planning and zoning board; and finally, that they have no clear right to have the duty performed. We thus have the issues joined.

As to the point that immediately upon the rejection of the relator's application the board set in motion the proceedings resulting in the adoption of the regulation that no residential subdivision will be permitted in any business or industrial zone in Milford thus indicating the arbitrary action of the board, it must be said that, while the action may have been rather hurried, the regulation does not conflict with the provisions of § III-4, par. 47, quoted above; that is obvious. Furthermore, the board in initiating this action, considering what it may have felt was for the best interest of the town, was acting quite entirely within its right and maybe its duty. In any event this action could not possibly have any effect on the merits of the present application.

As to the third reason assigned for its action in denying the relators' application, it does seem that the fear that the town will be obliged to expend more money for new schools, fire and police protection, etc., is not a sound basis for the board's action. "This seems to be specious reasoning. . . . Certainly, it is not part of zoning to prevent growth." *DeMott Homes* v. *Margate City*, 136 N. J. L. 330, 335. This reason is arbitrary and capricious.

The first and second reasons assigned by the board for its action involve the fundamental question of whether or not the board in its planning capacity is purely a ministerial body or one clothed with discretionary power. The contention of the plaintiffs is that the rule and guide for the board in its planning is established by statutory provisions concerning zoning and planning; that once the town has set up its zoning and once it has done its planning, it has conformed to the guide established by the legislature and from that time on the board is governed by it; it has no discretionary power. In other words that once the right to permit the construction of residences in industrial zones is established then there is no discretion in the board for it must permit the use of industrially zoned premises, for residence purposes; and that the action of the board is purely administrative. If this reasoning is so, then all the planning board can do is to accept without further question any subdivision map or plan for homes in an industrial zone; it must approve the subdivision.

Now the planning and zoning board established an industrial zone in the town. It is true that no use permitted in a residence or business zone can be prohibited in an industrial zone. So it

is that if an applicant wants to build a house in the industrial zone he is entitled to a permit, "except that a dwelling accommodating more than two families is prohibited." Is that the situation here? Planning is just planning. It is a planning board which is acting. That planning board goes over the plan of subdivision submitted to it, checks the area, the planning regulations of the town and having in mind the relationship of what is sought to be done in this subdivision and the general welfare of the town of Milford, as the term welfare is understood in zoning laws,—that board decides adversely to the project. It would seem to this court that the whole scheme of planning and zoning would be on an unsure and precarious basis unless this power of examination, checking and discretion in such a board in such a matter existed. So the board, in this instance, decided that the subdivision should be rejected on the grounds stated in reasons first and second of its decision. This decision concerned a large scale housing development in the section in question. Did this subdivision conform to the idea of a dwelling accommodating not more than two families; did it conform in other respects to the planning of the town of Milford? If not, then the board may reject.

If this is sound reasoning then the other grounds of the motion to quash are sound, and the relators are not entitled to force action by mandamus; for the board is acting within its discretionary power and not in a ministerial or administrative capacity. It must be acting in these latter capacities to be subject to mandamus. It would follow, therefore, that the relators are subject to § 861 of the General Statutes providing that "Any person aggrieved by an official action of a planning commission may appeal therefrom within fifteen days of such official action to the court of common pleas. . . ."

Further, to be entitled to mandamus relief there must be a clear legal right, inasmuch as the function of mandamus is not to review action but to force action and it cannot be a substitute for an appeal. If the holding is sound that this planning board has discretion, then the ruling that the relief is not by mandamus is sound. Of course, as said before, if that board is acting purely in a ministerial or administrative capacity then the reasoning of this decision is unsound.

For the reasons aforesaid the motion to quash is granted and the application for a writ of mandamus is denied.